1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| HUSSEIN ALI,<br><br>            Plaintiff,<br><br>      v.<br><br>AMERICAN AIRLINES GROUP, INC.,<br><br>            Defendant. | Case No. 1:22-cv-01125-ADA-EPG<br><br>FINDINGS AND RECOMMENDATIONS, RECOMMENDING THAT DEFENDANT'S MOTION TO DISMISS BE GRANTED, WITH LEAVE TO AMEND<br><br>(ECF No. 8)<br><br>OBJECTIONS, IF ANY, DUE WITHIN TWENTY-ONE DAYS |

On September 2, 2022, Defendant American Airlines Group, Inc., removed a lawsuit from the Fresno County Superior Court, in which Plaintiff, proceeding *pro se*, alleges Federal civil rights and state law violations arising from difficulties he encountered while attempting to fly from Fresno, California to Orlando, Florida.

Defendant moves to dismiss this case with prejudice. (ECF No. 8). On December 7, 2022, the presiding District Judge referred this matter to the undersigned. (ECF 14).

Upon review of the parties' briefs, the Court will recommend that Defendant's motion to dismiss (ECF No. 18) be granted, with leave to amend.[1] The Court further recommends that Plaintiff be given thirty days after the District Judge's ruling on the motion to dismiss to file an amended complaint.

---

[1] The Court finds this matter suitable for decision without oral argument. *See* Local Rule 230(g).

1

The parties have twenty-one days to file any objections to these findings and recommendations.

## I.        SUMMARY OF THE ALLEGATIONS

Plaintiff's complaint states that, on July 13, 2022, he began a trip from Fresno to Orlando to spend a week with his family. This trip required him to change planes in Phoenix, Arizona.

When he arrived in Phoenix, he was the last passenger to board and discovered a fellow passenger in his seat. Accordingly, he looked for the first empty seat and sat in it. A few minutes later, an agent told him that he was sitting in the wrong seat. Plaintiff explained that he wanted to sit in his assigned seat and showed the agent his boarding pass. The agent took him to his assigned seat where he sat.

However, a few minutes later, a second agent approached Plaintiff and told him to follow him. The second agent told Plaintiff that he would not be flying that day and would be booked on the next flight. Plaintiff did not object and waited for the next flight, which was scheduled for the following day.

On the morning of the next flight, Plaintiff attempted to check in with an agent, but learned that his ticket had been canceled. Plaintiff asked to speak with a manager, who told him that his ticket had been canceled and that he would have to buy a new ticket. Plaintiff did not have the funds available and had to sell stocks to buy a ticket.

After paying for a ticket, the manager started to check him in but could not do so because the airline blocked him and refused to permit him to travel. Plaintiff was now out $1500.00 and did not have the means to buy a new ticket with another airline. The agent from the day before did not mention that there would be a problem. Had he done so, Plaintiff would have attempted to buy a ticket with a different airline.

Plaintiff's bag, which had his medication and keys to his house and car (which was parked at the Fresno airport) went to Orlando. Being without his medication or keys, Plaintiff had no other choice but to head back to Fresno. Plaintiff had enough funds to buy a ticket back

to Fresno. He attempted to file a missing claim for his bag but was told that he could only do so at his final destination in Orlando.

Citing the Civil Rights Act of 1964, Plaintiff states that two different managers from two different facilities with the same training violated his rights, indicating that he was discriminated on the basis of his "race, color, religion or national origin." He also alleges violations of § 17200 (unfair competition) and § 17500 (false and misleading statements) of California's Business and Professions Code because Defendant failed to explain why it denied him travel; its conduct was immoral, unethical, oppression, unscrupulous, unlawful, fraudulent, or unfair; and it made a false statement that it does not discriminate. Lastly, Plaintiff alleges that Defendant was unjustly enriched by refusing to provide travel after he paid the cost of two tickets.

As for relief, Plaintiff seeks a refund "of all double billings and overcharges," punitive damages, attorney fees, and statutory penalties. He also asks that Defendant be enjoined from implementing its no-refund policy, from making false and misleading statements, and from engaging in unfair competition.

## II.     MOTION TO DISMISS

### A.     Summary of the Parties' Arguments

Defendant filed its motion to dismiss for failure to state a claim on September 20, 2022. (ECF No. 8). It argues that "Plaintiff's factual allegations are lacking to such an extent that American Airlines cannot decipher what is being alleged against it, what statutes were allegedly violated, or how any such statute is remotely applicable to the vague facts." (ECF No. 8, p. 11). Additionally, it argues that Plaintiff fails to sufficiently plead the elements for any claim, that California's Business and Profession Code cannot apply to the alleged conduct occurring in Phoenix, and that there is no freestanding cause of action for unjust enrichment.[2]

After Plaintiff failed to file an opposition within fourteen days as required by Local

---

[2] Defendant also argues that, "in the event the [c]omplaint is not dismissed in its entirety, the improper and unwarranted remedies [in the complaint] should still be dismissed." (ECF No. 8, p. 17). Because the Court is recommending that all claims be dismissed, it need not address any of Plaintiff's requests for relief.

Rule 230(c), Defendant filed a notice arguing that the Court should construe Plaintiff's silence as non-opposition to its motion and dismiss this case with prejudice. (ECF No. 11).

On October 17, 2022, Plaintiff filed an opposition to the motion to dismiss, citing standards governing dismissal and arguing that his complaint is sufficient. (ECF No. 12). Plaintiff requests that, if the Court grants the motion to dismiss, he be given leave to file an amended complaint. (*Id.* at 3).

On October 28, 2022, Defendant filed a reply, arguing that Plaintiff's opposition was untimely and thus the Court should disregard it. (ECF No. 13). Alternatively, Defendant argues that, if the Court considers the opposition, Plaintiff has abandoned his claims by failing to sufficiently rebut its arguments and he should be denied leave to amend.

## B.    Standards

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). "[T]he court must construe the complaint in the light most favorable to the plaintiff, taking all [of the plaintiff's] allegations as true and drawing all reasonable inferences from the complaint in [the plaintiff's] favor." *Doe v. United States*, 419 F.3d 1058, 1062 (9th Cir. 2005). In addition, *pro se* pleadings "must be held to less stringent standards than formal pleadings drafted by lawyers." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A motion to dismiss pursuant to Rule 12(b)(6) operates to test the sufficiency of the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The first step in testing the sufficiency of the complaint is to identify any conclusory allegations. *Iqbal*, 556 U.S. at 679. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause

of action will not do." *Twombly*, 550 U.S. at 555 (citations and quotation marks omitted).

After assuming the veracity of all well-pleaded factual allegations, the second step is to determine whether the complaint pleads "a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556) (rejecting the traditional 12(b)(6) standard set forth in *Conley*, 355 U.S. at 45-46). A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The standard for plausibility is not akin to a "probability requirement," but it requires "more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678.

## C.    Analysis

### 1.    Civil Rights Act of 1964

Plaintiff's first claim is brought under the Civil Rights Act of 1964 and alleges discrimination based off his interaction with "two different [m]anagers who received the same training . . . from the same source."[3] (ECF No. 4, p. 6). Defendant moves to dismiss this claim primarily because Plaintiff has failed to identify which Title of the Act Defendant allegedly violated. (ECF No. 8, p. 14 – "The Civil Rights Act of 1964 contains **eleven** separate and vastly different Titles aimed at achieving its stated purpose; from a Title involving voting rights (Title I); to desegregation (Titles III and IV); and equal employment (Title VII), just to name a few, and all of which are further delineated by various federal statutes and regulations. The allegations in the Complaint do not permit so much as a reasonable inference that American Airlines violated any civil right.").

The Court declines to recommend dismissal of this claim solely on the basis that Plaintiff has failed to identify the Title of the Act that would apply. Notably, because Plaintiff is appearing *pro se*, the Court has the obligation to construe his complaint as alleging a cause of action that is reasonably clear from the face of the complaint even if Plaintiff does not identify

---

[3] The Court will not disregard Plaintiff's opposition under Local Rule 230(c) simply because it was filed thirteen days late. (*See* ECF No. 11, p. 2; ECF No. 13, p. 2). Notably, Plaintiff is proceeding *pro se* in this case, and Defendants have not shown any prejudice from the late filing.

the specific Title of the Act. *See Bretz v. Kelman*, 773 F.2d 1026, 1027 (9th Cir. 1985) (construing pleadings as raising causes of action under 42 U.S.C. § 1983 and § 1985, although the "appeal was drafted in terms of § 1983 only," because a court has "an obligation where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt").

Here, the allegations reasonably implicate Title VI, which provides in relevant part as follows: "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination . . . ." 42 U.S.C. § 2000d.[4] This statute "prohibits only intentional discrimination." *Alexander v. Sandoval*, 532 U.S. 275, 280 (2001). Further, "Title VI . . . proscribe[s] only those racial classifications that would violate the Equal Protection Clause or the Fifth Amendment." *Regents of Univ. of California v. Bakke*, 438 U.S. 265, 287 (1978); *see Aguirre v. San Leandro Police Dep't*, No. 10-04364 CW, 2011 WL 738292, at *3 (N.D. Cal. Feb. 22, 2011) ("Title VI and the Equal Protection Clause of the Fourteenth Amendment are coextensive in their protection of individual liberties."). Discrimination occurs where the Defendant "selected or reaffirmed a particular course of action at least in part 'because of,' not merely 'in spite of,' its adverse effects upon an identifiable group." *Pers. Adm'r of Massachusetts v. Feeney*, 442 U.S. 256, 279 (1979); *see Maynard v. City of San Jose*, 37 F.3d 1396, 1404 (9th Cir. 1994), *as amended* (Nov. 22, 1994) ("Intentional discrimination means that a defendant acted at least in part *because of* a plaintiff's protected status.").

However, to the extent that Defendant argues that Plaintiff has not adequately pled facts showing that Defendant discriminated against him on a protected basis, the Court agrees. (*See* ECF No. 8, p. 14). In pleading a Title VI claim, a plaintiff must identify the protected basis on

---

[4] Under 42 U.S.C. § 2000d, the alleged discrimination must have occurred "under any program or activity receiving Federal financial assistance." "Airlines receiving subsidies are required to comply with Title VI." *Keum v. Virgin Am. Inc.*, 781 F. Supp. 2d 944, 954 (N.D. Cal. 2011) (citing 14 C.F.R. § 271.9, which states as follows at § 271.9(a)(2): "All air carriers receiving subsidy under this part shall comply with the following: The Civil Rights Act of 1964 and 49 CFR part 21."). If Plaintiff chooses to amend his complaint to assert a Title VI claim, he should include facts for why he believes Defendant accepts Federal funds.

which he was discriminated (*e.g.*, national origin) and provide sufficient facts indicating that Plaintiff was discriminated on that basis. *See King v. Bd. of Trustees of California State Univ.*, No. C 14-5020 LB, 2015 WL 1519268, at *3 (N.D. Cal. Apr. 2, 2015) ("Plaintiff's statement that he 'identifies as Negro or African American and believes the impact was discriminatory along the line of race, color, or national origin' (FAC, ECF No. 7 at 9) is conclusory and insufficient to meet the *Iqbal-Twombly* pleading standard" for purposes of stating a Title VI claim.). Examples of conduct that can support claims of discrimination include the use of racially derogatory remarks, *Jones v. Pruette*, No. ED CV 14-0936- JLS (PLA), 2017 WL 8944062, at *8 (C.D. Cal. July 11, 2017), differential treatment of similarly situated members of other protected classes, *United States v. Armstrong*, 517 U.S. 456, 470, (1996), or the existence of policies enacted for a discriminatory purpose, *Valeria v. Davis*, 307 F.3d 1036, 1042 (9th Cir. 2002).

Here, while Plaintiff indicates he was discriminated against in his interactions with the managers, he does not identify his protected class (*e.g.*, his national origin) nor does he explain how Defendant discriminated against him such basis (*e.g.*, the managers banned him from flying because of his national origin). Accordingly, he fails to meet this element of a Title VI claim.

Because it is not clear whether Plaintiff can allege additional facts to state a Title VI claim, the Court will recommend giving Plaintiff leave to amend.

### 2.    Section 17200 and 17500 claims

Turning to Plaintiff's state law claims, Plaintiff alleges violations of § 17200 (unfair competition) and § 17500 (false and misleading statements) of California's Business and Professions Code because Defendant failed to explain why it denied him travel; its conduct was immoral, unethical, oppression, unscrupulous, unlawful, fraudulent, or unfair; and it made a false advertisement that it does not discriminate. (ECF No. 4, pp. 7-9). Defendant argues that none of these allegations suffice to state a claim under these statutes. (ECF No. 8, pp. 15-16).

To bring a claim for a violation of Section 17200 of California's Unfair Competition Law ("UCL"), "a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or

misleading advertising.'" *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1043 (9th Cir.2003) (quoting Cal. Bus. & Prof. Code § 17200). Thus, to state a claim under Section 17200, a plaintiff must establish that the practice is (1) unlawful (i.e., is forbidden by law), (2) unfair (i.e., harm to victim outweighs any benefit) or (3) fraudulent (i.e., is likely to deceive members of the public). A plaintiff only needs to establish a violation of the UCL under one of these three prongs, as each operates independently from the others. *See State Farm Fire & Cas. Co. v. Super. Ct.*, 45 Cal.App.4th 1093, 1102, 53 Cal.Rptr.2d 229 (1996).

*Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1198 (N.D. Cal. 2016). "Allegations of fraudulent conduct under Section 17200 must satisfy the heightened pleading requirements of Rule 9(b)."*Lopez v. Wachovia Mortg.*, No. C 10-01645 WHA, 2010 WL 2836823, at *7 (N.D. Cal. July 19, 2010).

> California's False Advertising Law (FAL) prohibits the dissemination in any advertising media of any "statement" concerning real or personal property offered for sale [or to perform services], "which is untrue or misleading, and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading." Cal. Bus. & Prof. Code § 17500.

> "[T]o state a claim under either the UCL or the false advertising law, based on false advertising or promotional practices, it is necessary only to show that members of the public are likely to be deceived." *In re Tobacco II Cases*, 46 Cal.4th 298, 312, 93 Cal.Rptr.3d 559, 207 P.3d 20 (2009) (quoting *Kasky v. Nike, Inc.*, 27 Cal.4th 939, 951, 119 Cal.Rptr.2d 296, 45 P.3d 243 (2002)). Accordingly, a plaintiff must allege: (1) statements in the advertising are untrue or misleading, and (2) defendant knew, or by the exercise of reasonable care should have known, that the statements were untrue or misleading. *People v. Lynam*, 253 Cal.App.2d 959, 965, 61 Cal.Rptr. 800 (1967).

*VP Racing Fuels, Inc. v. Gen. Petroleum Corp.*, 673 F. Supp. 2d 1073, 1088 (E.D. Cal. 2009).

With these standards in mind, the Court disagrees with Defendant's characterization of the complaint as indecipherable. (ECF No. 8, p. 11). The Court understands Plaintiff to be generally alleging unfair treatment based off Defendant's failure to explain why it denied him travel and false advertising regarding its policy to not discriminate. However, for the reasons given below, the Court agrees that Plaintiff's allegations for why § 17200 and § 17500 were violated currently fail to state a claim for relief.

As for unlawful conduct, a defendant cannot be liable "without having violated another law" and Plaintiff's "complaint fails to plead sufficiently the violation of any law." *Lopez*, 2010 WL 2836823, at *6. Assuming, that Defendant failed to explain to Plaintiff why it denied him

the opportunity to travel, Plaintiff has not identified a law that this failure violated. Likewise, as for unfair conduct, Plaintiff does not explain how it is deceptive for Defendant not to explain the basis on why it denied him travel, nor has he specified any other "deceptive conduct that caused [him] injury." *Id.* As for fraudulent conduct, Plaintiff has failed to "set forth what is false or misleading about a statement, and why it is false." *Id.* at 7. Similarly, Plaintiff has not identified "what advertisements and materials give rise to [his] false advertising claim." *Moss*, 197 F. Supp. 3d at 1200. Rather, he only refers generally to print and televisions ads where Defendant advertised "that it does not discriminate." (ECF No. 4, p. 8).

Defendant also argues that Plaintiff fails to state a claim because most of the events in the complaint appear to have occurred outside California when Plaintiff was in Phoenix trying to book another flight to Orlando and he does not allege that any advertisements were made or disseminated in or from California. (ECF No. 8, pp. 15-16). Discussing this area of law, the Ninth Circuit has noted as follows:

> To evaluate whether a claim seeks to apply the force of a state statute beyond the state's boundaries, courts consider where the conduct that "creates liability" under the statute occurs. *Sullivan v. Oracle Corp.*, 51 Cal.4th 1191, 127 Cal.Rptr.3d 185, 254 P.3d 237, 248 (2011); *see also RJR Nabisco, Inc. v. European Cmty.*, —— U.S. ——, 136 S.Ct. 2090, 2101, 195 L.Ed.2d 476 (2016) (where the "conduct relevant to the statute's focus occur[s]"). If the conduct that "creates liability" occurs in California, California law properly governs that conduct. *Sullivan*, 127 Cal.Rptr.3d 185, 254 P.3d at 248; *see also Diamond Multimedia Sys., Inc. v. Superior Court*, 19 Cal.4th 1036, 80 Cal.Rptr.2d 828, 968 P.2d 539, 554 (1999). By contrast, if the liability-creating conduct occurs outside of California, California law generally should not govern that conduct (unless the Legislature explicitly indicates otherwise, which it did not in the Labor Code). *See Sullivan*, 127 Cal.Rptr.3d 185, 254 P.3d at 248.

*Oman v. Delta Air Lines*, Inc., 889 F.3d 1075, 1079 (9th Cir. 2018). As one court as noted in a similar context, it is not enough that a Plaintiff may have purchased an airline ticket in California if the underlying conduct occurred outside California. *See Sousanis v. Northwest Airlines, Inc.*, No. C–99–2994, 2000 WL 34015861, at *7 (N.D. Cal. March 3, 2000) ("Simply because plaintiff resides in California, purchased her ticket here, and her flight originated here does not mean that the California statutes [including § 17200] she has sued under apply outside the state. The Legislature did not contemplate these statutes reaching outside of the jurisdiction,

and they do not. Were it otherwise, airlines would be subject to a variety of statutes in many different jurisdictions, even on the basis of one interstate flight."); *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1148 (N.D. Cal. 2013) (dismissing § 17200 and § 17500 claims based on activity occurring outside of California).

For these reasons, the Court recommends granting Defendant's motion to dismiss, but giving Plaintiff leave to amend his complaint.

### 3. Unjust enrichment claim

Plaintiff's remaining state law claim is for unjust enrichment and based on Defendant allegedly "overcharging and refusing to provide services to [him]" after it charged him for tickets he could not use. (ECF No. 4, p. 7). Defendant argues that unjust enrichment is not a standalone cause of action but rather a basis for obtaining restitution based on a quasi-contract theory. (ECF No. 8, p. 17).

It is true that, "in California, there is not a standalone cause of action for 'unjust enrichment,' which is synonymous with 'restitution.'" *Astiana v. Hain Celestial Grp., Inc.*, 783 F.3d 753, 762 (9th Cir. 2015) (citations omitted). However, as one California court has noted:

> There are several potential bases for a cause of action seeking restitution. For example, restitution may be awarded in lieu of breach of contract damages when the parties had an express contract, but it was procured by fraud or is unenforceable or ineffective for some reason. (See generally 3 Witkin, Cal. Procedure (4th ed. 1996) Actions, §§ 148–150, pp. 218–220; 1 Witkin, Summary of Cal. Law (9th ed. 1987) Contracts, §§ 112, 118, pp. 137–138, 142–144.) Alternatively, restitution may be awarded where the defendant obtained a benefit from the plaintiff by fraud, duress, conversion, or similar conduct. In such cases, the plaintiff may choose not to sue in tort, but instead to seek restitution on a quasi-contract theory (an election referred to at common law as "waiving the tort and suing in assumpsit").

*McBride v. Boughton*, 123 Cal. App. 4th 379, 388, 20 Cal. Rptr. 3d 115, 121-22 (2004). Here, Plaintiff has alleged a "stand-alone" cause of action for unjust enrichment, which is not valid. However, Plaintiff may be able to assert an invalid-express-contract claim or quasi-contractual claim if given an opportunity to amend his complaint.

Alternatively, if Plaintiff he has a valid contract with Defendant based on his purchase of tickets that were not honored, he is advised of the following standards, which may allow him

to state a breach-of-contract claim without needing to seek restitution based on unjust enrichment.

As a general matter, "federal law is a significant obstacle that frequently limits a plaintiff's ability to bring state law causes of action against airlines." *Daversa-Evdyriadis v. Norwegian Air Shuttle ASA*, No. EDCV 20-767-JGB(SPX), 2020 WL 5625740, at *5 (C.D. Cal. Sept. 17, 2020). "[A]ir travel is a carefully regulated field preempted by federal law." *Id.* However, "a limited exception exists for causes of action for breach of contract." *Id.* "To state a claim for breach of contract, 'a plaintiff must plead . . . (1) a contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff." *Id.* at 3 (quoting *Walsh v. W. Valley Mission Cmty. Coll. Dist.*, 66 Cal. App. 4th 1532, 1545 (1998)).

### D.      Leave to Amend

Under Federal Rule of Civil Procedure 15(a)(2), "the court should freely give leave [to amend] when justice so requires." Defendant asserts that leave to amend must be denied and this case must be dismissed with prejudice because Plaintiff fails to state a claim and failed to provide an adequate response to its motion to dismiss. (ECF No. 13).

Dismissal without leave to amend is not appropriate simply because a plaintiff has failed to state a claim. Rather, "[d]ismissal without leave to amend is proper if it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). Importantly, "[t]he rule favoring liberality in amendments to pleadings is particularly important for the pro se litigant" who is "[p]resumably unskilled in the law" and "is far more prone to making errors in pleading than the person who benefits from the representation of counsel." *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000) (internal citation omitted).

Likewise, contrary to Defendant's assertion that Plaintiff "has not requested leave from this Court to try and cure his defective pleading," (ECF No. 13, p. 3), Plaintiff's opposition states, "[s]hould the Court sustain the Motion to Dismiss, Plaintiff should be given leave to amend," (ECF No. 12, p. 3). *See Sathianathan v. Smith Barney, Inc.*, No. C 04-2130 SBA,

2004 WL 3607403, at *9 n.15 (N.D. Cal. June 6, 2005) (rejecting Defendant's argument that complaint should be dismissed without leave to amend where the plaintiff was proceeding *pro se*).

**CONCLUSION AND RECOMMENDATIONS**

Accordingly, IT IS RECOMMENDED as follows:

1. Defendant's motion to dismiss (ECF No. 8) be granted to the extent that it seeks dismissal of Plaintiff's claims but be denied to the extent that it seeks dismissal with prejudice.

2. Plaintiff's complaint be dismissed with leave to amend.

3. Plaintiff be directed to file an amended complaint within thirty (30) days after the District Judge's ruling on the motion to dismiss.

These Findings and Recommendations will be submitted to the United States District Court Judge assigned to this action pursuant to the provisions of 28 U.S.C. § 636 (b)(1). Within twenty-one (21) days after being served with a copy of these Findings and Recommendations, any party may file written objections with the Court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen (14) days after service of the objections. The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __**February 10, 2023**__          ___/s/ Erica P. Grosjean___

UNITED STATES MAGISTRATE JUDGE